**In re Kuriappan P. ALAPPAT, Edward E. Averill and James G. Larsen.**

**92–1381.**

United States Court of Appeals, Federal Circuit.

Dec. 3, 1992.

Alexander C. Johnson, Jr. and Peter J. Meza, Marger, Johnson, McCollom & Stolowitz, P.C., of Portland, Or., were on the brief, for appellants. Also on the brief was Francis I. Gray, Tektronix, Inc., Wilsonville, Or.

Fred E. McKelvey, Albin F. Drost, Richard E. Schafer, John W. Dewhirst and Lee E. Barrett, Office of Sol., Arlington, Va., for appellee.

Fred I. Koenigsberg, of Arlington, Va., Nancy J. Linck, Cushman, Darby & Cushman, and Harold C. Wegner, Wegner, Cantor, Mueller & Player, of Washington, D.C., were on the brief for amicus curiae, American Intellectual Property Law Ass'n. Also on the brief was H. Ross Workman.

## ORDER

NIES, Chief Judge.

By order of November 10, 1992, the court ordered that the above appeal be heard *in banc* and continued to suspend briefing pending further order. At that time, the appellants, Kuriappan P. Alappat, Edward E. Averill, and James G. Larsen, had filed a 50–page brief on August 24, 1992, addressing the merits of the appeal which involves the interpretation of 35 U.S.C. § 112, sixth paragraph. Because of a previous suspension, the Solicitor of the Patent and Trademark Office filed no responsive brief.

The court directs that the following additional issues be addressed:

(1) When a three-member panel of the Board has rendered its decision, does

the Commissioner have the authority to constitute a new panel for purposes of reconsideration of the first decision?

(2) If the Commissioner lacks such authority, is the decision of such a new panel a decision of the Board for purposes of 28 U.S.C. 1295(a)(4)(A)? If not, does this court have jurisdiction to reach the merits of the appealed decision?

(3) What is the relationship, if any, between the "reconsideration" action taken in this case and "rehearings" by the Board provided for in 35 U.S.C. § 7(b)?

The following schedule for briefing is ordered:

(1) Appellants shall file 25 additional copies of its brief filed August 24, 1992;

(2) A supplemental brief, not to exceed 25 pages, on the above questions shall be filed by appellants on or before January 5, 1993;

(3) The brief of the appellee on all issues, not to exceed 75 pages, shall be filed thereafter in accordance with the rules.

(4) A reply brief of appellants, not to exceed 30 pages, may be filed.

(5) The brief for *amicus curiae* American Intellectual Property Law Association, received August 24, 1992, is accepted. Briefs of other *amicus curiae*, if any, shall be submitted in accordance with Rule 29 except that briefs supporting appellants on any issue may be filed within the time allowed for appellants' supplemental brief.

A hearing of the appeal will be scheduled in due course.